UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

FIDEL BATISTA
and other similarly situated individuals,

      Plaintiff(s),

v.

UNION SECURITY SAFETY, CORP,
JOSE A. VEGA, and
REYNIER VEGA CONDE, individually

      Defendants,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, FIDEL BATISTA, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants UNION SECURITY SAFETY CORP, JOSE A. VEGA, and REYNIER VEGA CONDE, individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for half-time unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff FIDEL BATISTA is a covered employee for purposes of the Act. The Plaintiff is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant UNION SECURITY SAFETY CORP (hereinafter UNION SECURITY, or corporate Defendant) is a Florida corporation, having a place of business in Dade County, Florida, where the Plaintiff worked. Defendant was engaged in interstate commerce.

4. The individual Defendants JOSE A. VEGA and REYNIER VEGA CONDE were and are now, the owners/officers and managers of Defendant Corporation UNION SECURITY. Defendants JOSE A. VEGA and REYNIER VEGA CONDE are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

6. This cause of action is brought by Plaintiff FIDEL BATISTA as a collective action to recover from Defendants half-time overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after May 2019, (the "material time") without being adequately compensated.

7. Corporate Defendant UNION SECURITY is a Florida corporation that provides security services to businesses, residential communities, institutions, construction sites, etc. Defendant has offices located at 3901 NW 95th TERR, Miami, Florida 33147.

8. The Defendants UNION SECURITY, JOSE A. VEGA, and REYNIER VEGA CONDE employed Plaintiff FIDEL BATISTA approximately from April 15, 2018, to April 20,

2022, or more than four years.  However, for FLSA purposes, Plaintiff's relevant time of employment is 154 weeks.

9. Plaintiff was employed as a non-exempted, full-time, hourly, security guard, and he had security and surveillance duties.  Plaintiff was paid at the rate of $11.00 an hour. Plaintiff's overtime rate should be $16.50 an hour.

10. During the relevant time of employment, Plaintiff worked at Presidente Supermarket located at 2199 NW 36 ST, Miami, FL 33142.

11. Plaintiff had a regular schedule, and he worked seven days per week. From Monday to Sunday, Plaintiff worked from 6:00 AM to 10:30 PM or more.  Plaintiff worked a minimum average of 115.5 hours weekly. Plaintiff did not take bonafide lunch breaks.

12. Plaintiff alleges that he was paid for all his working hours, but at his regular rate. Plaintiff was not paid for overtime hours as required by law.

13. Plaintiff clocked in and out using the Supermarket time-keeping device, and Defendants monitored Plaintiff's activities.  Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

14. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. Plaintiff was paid weekly with checks without paystubs providing basic information such as the number of days and hours worked, wage rate, employee taxes withheld, etc.

16. On or about April 20, 2022, Plaintiff resigned from his position to pursue better employment opportunities.

17. Plaintiff FIDEL BATISTA seeks to recover overtime wages for every hour over 40 that he worked, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

18. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

19. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for overtime hours worked at the rate of time and one-half his regular rate.

20. This action is intended to include any supermarket employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

21. Plaintiff FIDEL BATISTA re-adopts every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. This cause of action is brought by Plaintiff FIDEL BATISTA  as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after May 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

23. The Defendant UNION SECURITY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides security services and, through its business activity, affects interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently ordering merchandise produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was proportionally more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

24. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a security employee, and through his daily activities, Plaintiff provided security services to enterprises engaged in interstate commerce. Therefore, there is FLSA individual coverage.

25. The Defendants UNION SECURITY, JOSE A. VEGA, and REYNIER VEGA CONDE employed Plaintiff FIDEL BATISTA approximately from April 15, 2018, to April 20, 2022, or more than four years.  However, for FLSA purposes, Plaintiff's relevant time of employment is 154 weeks.

26. Plaintiff was employed as a non-exempted, full-time, hourly, security guard, and he had security and surveillance duties.  Plaintiff was paid at the rate of $11.00 an hour. Plaintiff's overtime rate should be $16.50 an hour.

27. During the relevant time of employment, Plaintiff worked at Presidente Supermarket located at 2199 NW 36 ST, Miami, FL 33142.

28. Plaintiff had a regular schedule, and he worked seven days per week a minimum average of 115.5 hours weekly. Plaintiff did not take bonafide lunch breaks.

29. Plaintiff alleges that he was paid for all his working hours, but at his regular rate. Plaintiff was not paid for overtime hours as required by law.

30. Plaintiff clocked in and out using the Supermarket time-keeping device, and Defendants monitored Plaintiff's activities.  Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

31. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

32. Plaintiff was paid weekly with checks without paystubs providing basic information such as the number of days and hours worked, wage rate, employee taxes withheld, etc.

33. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of the Defendants.  However, upon information and belief, the Defendants did not maintain time accurate records of hours worked by Plaintiff and other employees.

34. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

35. Defendants never posted any notice, as required by the Fair Labor Standards Act, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

36. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

* Please note that these amounts are based on preliminary calculations. Thus, these figures are subjected to modifications after discovery.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

        Sixty-Three Thousand Nine Hundred Forty-Eight Dollars and 50/100 ($63,948.50)

    b. <u>Calculation of such wages</u>:

        Total time of employment:  More than 4 years
        Total number of relevant weeks: 154 weeks
        Total number of hours worked weekly: 115.5 weekly minimum average
        Total number of unpaid O/T hours: 75.5 O/T hours
        Regular rate: $11.00 an hour x 1.5=$16.50 O/T rate-$11.00 rate paid=$5.50
        O/T half-time rate: 5.50 an hour

        $5.50 x 75.5 O/T hours= $415.25 weekly x 154 weeks= $63,948.50

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

        This amount represents unpaid half-time overtime wages.

37. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Defendants to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

38. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set

forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

39. At the times mentioned, individual Defendants JOSE A. VEGA and REYNIER VEGA CONDE were the owners and managers of UNION SECURITY. Defendants JOSE A. VEGA and REYNIER VEGA CONDE were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of UNION SECURITY concerning its employees, including Plaintiff and others similarly situated. Defendants JOSE A. VEGA and REYNIER VEGA CONDE had financial and operational control of the corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

40. Defendants UNION SECURITY, JOSE A. VEGA, and REYNIER VEGA CONDE willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

41. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff FIDEL BATISTA and those similarly situated respectfully request that this Honorable Court:

A.  Enter judgment for Plaintiff FIDEL BATISTA and other similarly situated individuals

and against the Defendants UNION SECURITY, JOSE A. VEGA, and REYNIER VEGA CONDE based on Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff FIDEL BATISTA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff FIDEL BATISTA demands a trial by a jury of all issues triable as of right by a jury.

Dated: May 17, 2022,

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*